1819.

BRIGGS
v.
LAW.

---

BRIGGS *against* LAW and others.

An *agreement* on the part of a creditor to collect money *rateably*, of the several parties to a note, &c. on their giving a judgment bond for the amount, enforced by injunction.

*February 9th.*

THE bill stated, among other things, that on the 25th of October, 1817, the agent of the *Lansingburgh* bank applied to the plaintiff, and *Mosher*, and *William Van Kirk* and *Joseph Smith*, the endorsers of *two notes* given to the bank, for the balance due on them, amounting to 2,230 dollars,

for security, by judgment. The plaintiff, *Mosher*, *Van Kirk*, and *Smith*, refused to give a judgment bond, unless the agent of the bank would agree, in behalf of the bank, to obtain a judgment with all reasonable diligence against *John Ashton* and *William Briggs*, two other of the makers of the notes, for the amount of the notes, and would obtain the money, in the first instance, if practicable, from *Henry Briggs*, (who, being indebted to the company, had assumed to pay the debt due to the bank, and one of the persons who had signed the notes,) and agree to collect such portions of the money, as could not be obtained from *Henry Briggs*, from the several other persons who had signed or endorsed the notes, *equally*, as far as their property would admit. That the agent of the bank accordingly agreed so to do, and the plaintiff, and *Mosher*, *Van Kirk* and *Smith*, gave a judgment bond to the bank, for the amount of the two notes, and the expenses of the arrangement; and a judgment was thereupon entered up, for 4,600 dollars, on the 30th of *October*, 1817. That the bank, on the 12th of *August*, 1818, issued execution on the judgment, for 2,344 dollars and 92 cents, with directions to levy the amount of the plaintiffs only, without having instituted any suit, or obtained any judgment against *Henry Briggs*, or against *William Richards*, who was also a maker of one of the notes. That the other parties above named have property sufficient to pay the debt. That the bank, on the 2d of *September*, 1818, assigned the judgments to the defendant *Law*, and refused to interfere to collect the debt equally of the other parties. The bill prayed, that the bank and *Law* might be enjoined from all further proceeding on the execution, and that *M. A.*, *W. B.*, *Van K.*, *S.*, and *R.*, might be decreed to contribute each *one seventh* of the first note, and *one eighth* of the second note; and that *M.*, *Van K.*, and *S.*, might be decreed to contribute each one fifth of the *costs* and sheriff's fees on the execution, &c. An injunction was accordingly issued.

The answer of four of the defendants, *L.*, *M.*, *A.*, and

**1819.**

**BRIGGS**
**v.**
**LAW.**

*Van K.*, did not deny the agreement, in substance, on the part of the bank, as stated in the bill, and one of them, *M.*, admitted it, in all its essential parts; but the answer set up matters antecedent to the judgment bond, to show that the plaintiffs, or one of them, ought to pay the debt, instead of the defendants, or any of them.

*February 9th.*  *J. L. Wendell*, for the defendants, now moved to dissolve the injunction.

*L. Mitchell*, contra.

THE CHANCELLOR, without going into the consideration of the antecedent transactions, which were complicated, and the equity arising therefrom obscure and doubtful, considered that the agreement of *October*, 1817, as admitted in the answer, was binding in equity and conscience. On the fact of that agreement only, the interference of this Court was to be supported. He, therefore, ordered, that on the plaintiffs paying to the sheriff, or in Court, in twenty days, two sevenths of the debt and interest, and two fifths of the costs of the judgment and execution, that the injunction should be continued, to the end that the owner of the judgment, whether it be the bank of *Lansinburgh* or their assignee, might be compelled to collect the debt rateably from the defendants, *Mosher, Van Kirk, Smith, Ashton*, and *William Briggs*, in pursuance of the agreement.

Order accordingly.